CLOSED

# U.S. District Court
# Northern District of Texas (Dallas)
# CRIMINAL DOCKET FOR CASE #: <u>3:25−mj−01087−BW</u> All Defendants

| | |
|---|---|
| Case title: USA v. Heppner | Date Filed: 11/04/2025 |
| Other court case number: 25 CRIM 503 Southern District of New York | Date Terminated: 11/05/2025 |

Assigned to: US Magistrate Judge Brian McKay

### Defendant (1)

**Bradley Heppner**  represented by  **Benjamin A O'Neil**
*TERMINATED: 11/05/2025*     Quinn Emanuel Urquhart & Sullivan LLP
                             1300 I Street NW
                             Suite 900
                             Washington, DC 20001
                             202−538−8000
                             Fax: 202−538−8100
                             Email: benoneil@quinnemanuel.com
                             *LEAD ATTORNEY*
                             *PRO HAC VICE*
                             *ATTORNEY TO BE NOTICED*
                             Designation: Retained
                             Bar Status: Not Admitted

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|

Rule 5 Sealed Indictment
(25−CRIM−503)

**Plaintiff**

**USA**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/04/2025 | 1 | SEALED Rule 5 − Out of District − Indictment for 3:25−MJ−1087−BW. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. (mcrd) (Entered: 11/04/2025) |
| 11/05/2025 | 2 | Minute Entry for proceedings held before US Magistrate Judge Brian McKay: Initial Appearance as to Bradley Heppner held on 11/5/2025. Date of Arrest: 11/5/2025. The judge issued the oral order required by Fed. R. Crim. P. 5(f)(1). Written order to follow. Attorney Appearances: AUSA − Kelly Weller; Defense − Ben O'Neil. (No exhibits) Time in Court − :17. (Court Reporter: Digital File) (mcrd) (Entered: 11/06/2025) |
| 11/05/2025 | 3 | NOTICE OF ATTORNEY APPEARANCE by Benjamin A O'Neil appearing for Bradley Heppner (If sealed documents that you are authorized to see were previously filed by U.S. Pretrial Services or U.S. Probation, you will require assistance to gain access to them and any related filings. Please call the clerk at 214.753.2240 during business hours to request access.) (mcrd) (Entered: 11/06/2025) |
| 11/05/2025 | 4 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Clerk Note: Filer states no fee is to be collected due to prior payment or waiver by MO 16 or prior order.) filed by Bradley Heppner (mcrd) (Entered: 11/06/2025) |
| 11/05/2025 | 5 | ELECTRONIC ORDER As to Bradley Heppner: by this order −− issued to the prosecution and defense counsel −− the court confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and the possible consequences of violating such order under applicable law.<br><br>This written order is entered pursuant to Rule 5(f)(1) of the Federal Rules of Criminal Procedure, and is in addition to the oral order entered by the court on the first scheduled court date when both the prosecutor and defense counsel were present. (Ordered by US Magistrate Judge Brian McKay on 11/5/2025) (mcrd) (Entered: 11/06/2025) |
| 11/05/2025 | 6 | ORAL ORDER granting 4 Application for Admission Pro Hac Vice of Bradley Heppner. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by US Magistrate Judge Brian McKay on 11/5/2025) (mcrd) |

| | | |
|---|---|---|
| | | (Entered: 11/06/2025) |
| 11/05/2025 | <u>7</u> | ORDER Setting Conditions of Release as to Bradley Heppner (1). (Ordered by US Magistrate Judge Brian McKay on 11/5/2025) (mcrd) (Entered: 11/06/2025) |
| 11/05/2025 | <u>8</u> | Report of Proceedings under Rule 5(c)(3) and 5.1 as to Bradley Heppner. Defendant is removed forthwith to the district in which he is charged. Paperwork sent to Southern District of New York. (Ordered by US Magistrate Judge Brian McKay on 11/5/2025) (mcrd) (Entered: 11/06/2025) |

3

Case 1:25-cr-00503-JSR   Document 9   Filed 11/07/25   Page 4 of 16
Case 3:25-mj-01087-BW   Document 2   Filed 11/05/25   Page 1 of 1   PageID 1
Case 3:25-mj-01087-BW   Document 9   Filed 11/06/25   Page 4 of 16   PageID 15

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| JUDGE: BRIAN McKAY | |
|---|---|
| DEPUTY CLERK: A. Aguilar | COURT REPORTER/TAPE NO: FTR |
| LAW CLERK: | USPO/PTSO: |
| INTERPRETER: | COURT TIME: 10:23 - 10:40 |
| A.M.          P.M. | DATE: November 5, 2025 |

☒ MAG. NO.   ☐ DIST. CR. NO.  3:25-mj-01087-BW *SEALED*

UNITED STATES OF AMERICA § _Kelly Weller_, AUSA
§
v. § _____ ☐
§
§ _Ben O'Neill (R)_ ☐
BRADLEY HEPPNER § COUNSEL FOR DEFENDANTS APPT – (A), Retd – (R), FPD – (F)

☒ INITIAL APPEARANCE ☐ IDENTITY ☐ BOND HEARING ☐ PRELIMINARY HEARING
☐ DETENTION HEARING ☐ COUNSEL DETERMINATION HEARING ☐ REMOVAL HEARING ☐ EXTRADITION HEARING
☐ HEARING CONTINUED ON _____ CASE NO. _____ ☐ OTHER DISTRICT ☐ DIVISION
☐ DATE OF FEDERAL ARREST/CUSTODY:  ☐ SURRENDER _____
☒ RULE 5/32 ☐ APPEARED ON WRIT
☒ DEFT FIRST APPEARANCE. DEFT ADVISED OF RIGHTS/CHARGES ☐ PROBATION/SUPERVISED RELEASE VIOLATOR
☒ DEFT FIRST APPEARANCE WITH COUNSEL.
☒ DEFT ☐ MW (MATERIAL WITNESS) _____ APPEARED ☒ WITH ☐ WITHOUT COUNSEL
☐ REQUESTS APPOINTED COUNSEL.
☐ FINANCIAL AFFIDAVIT EXECUTED.
☐ ORDER APPOINTING FEDERAL PUBLIC DEFENDER.
☐ PRIVATE COUNSEL APPOINTED _____
☒ DEFT HAS RETAINED COUNSEL _____
☐ ARRAIGNMENT SET ☐ DETENTION HEARING SET _____

☐ PRELIMINARY HEARING SET _____ ☐ BOND HEARING SET _____
☐ COUNSEL DETERMINATION HEARING SET _____
☐ IDENTITY/REMOVAL HEARING SET _____
☒ BOND ☐ SET ☐ REDUCED TO $ _____ ☐ CASH ☐ SURETY ☐ 10% ☐ PR ☐ UNS ☐ 3RD PTY ☐ MW
☐ NO BOND SET AT THIS TIME, ___ DAY DETENTION ORDER TO BE ENTERED.
☐ ORDER OF TEMPORARY DETENTION/COMMITMENT PENDING HEARING ENTERED.
☐ ORDER OF DETENTION PENDING TRIAL ENTERED.
☒ DEFT ADVISED OF CONDITIONS OF RELEASE.
☒ BOND EXECUTED ☒ DEFT ☐ MW RELEASED ☐ STATE AUTHORITIES ☐ INS
☐ DEFT ☐ MW REMANDED TO CUSTODY.
☐ DEFT ORDERED REMOVED TO ORIGINATING DISTRICT.
☒ WAIVER OF ☐ PRELIMINARY HEARING ☒ RULE 5/32 HEARING ☐ DETENTION HEARING
☒ COURT FINDS PROBABLE CAUSE ☒ ID ☐ PC.
☐ DEFT FAILED TO APPEAR. ORAL ORDER FOR ISSUANCE OF BENCH WARRANT.
☐ GOVERNMENT TO NOTIFY FOREIGN CONSULAR.
☒ FED. R. CRIM. P. 5(f)(1) ORAL ORDER ISSUED. WRITTEN ORDER TO FOLLOW.
☐ REMARKS: _____

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV - 5 2025
CLERK, U.S. DISTRICT COURT
By _____ Deputy

4

Case 1:25-cr-00503-JSR   Document 9   Filed 11/07/25   Page 5 of 16
Case 3:25-mj-01087-BW   Document 3   Filed 11/05/25   Page 1 of 1   PageID 2
Case 3:25-mj-01087-BW   Document 9   Filed 11/06/25   Page 5 of 16   PageID 16

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 3:25-mj-01087-BW *SEALED* |
| BRADLEY HEPPNER | § § | |

## ENTRY OF APPEARANCE OF COUNSEL

I wish to enter my appearance as **retained** counsel for the above-named defendant(s) in this cause.

I understand that it is my duty to continue to represent the named defendant(s) in connection with all matters relating to this case, and in connection with all proceedings therein in this Court; to assist him with any appeal which he desires to perfect, and to represent him on appeal until a final judgment has been entered; unless and until, after written motion filed by me, I am relieved by Order of the Court.

In all cases an arraignment is scheduled promptly after the return or filing of an indictment or information, at which time the defendant must enter a plea. Your attention is directed to Rule 12, Federal Rules of Criminal Procedure, pertaining to pretrial motions.

DATED: 5 day of November, 2025

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV - 5 2025
CLERK, U.S. DISTRICT COURT
By_____ Deputy

Signature of Attorney

BEN A ONEL
Attorney Name (Please Print)

DC 500796
Attorney Bar Number

1301 I ST
Street Address

WASHINGTON DC 20005
City, State, Zip

BENONEIL@QUINNEMANUEL.COM
E-mail Address

202 538 8000
Telephone Number (including area code)

202 538 8100
Fax Number

5

Case 1:25-cr-00503-JSR   Document 9   Filed 11/07/25   Page 6 of 16
Case 3:25-mj-01087-BW   Document 4   Filed 11/05/25   Page 1 of 4   PageID 3
Case 3:25-mj-01087-BW   Document 9   Filed 11/06/25   Page 6 of 16   PageID 17

300020643

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

**FILED**
NOV - 5 2025
CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | | |
|---|---|---|
| United States of America | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No. 325MJ1087-BW |
| | § | |
| Bradley Heppner | § | |
| *Defendant* | § | |

## APPLICATION FOR ADMISSION *PRO HAC VICE*
(Complete all questions; indicate "N/A" if necessary.)

I.  Applicant is an attorney and a member of the law firm of (or practices under the name of)

Quinn Emanuel Urquhart & Sullivan_____, with offices at

1300 I Street NW
(Street Address)

Washington        DC         20005
(City)            (State)    (Zip Code)

202.538.8000       202.538.8100
(Telephone No.)    (Fax No.)

II.  Applicant will sign all filings with the name Ben A. O'Neil_____.

III. Applicant has been retained personally or as a member of the above-named firm by:
(List All Parties Represented)

Bradley Heppner

to provide legal representation in connection with the above-styled matter now pending before the United States District Court for the Northern District of Texas.

6

Case 1:25-cr-00503-JSR    Document 9    Filed 11/07/25    Page 7 of 16
Case 3:25-mj-01087-BW    Document 4    Filed 11/05/25    Page 2 of 4    PageID 4
Case 3:25-mj-01087-BW    Document 9    Filed 11/06/25    Page 7 of 16    PageID 18

IV. Applicant is a member in good standing of the bar of the highest court of the state of _____District of Columbia_____, where Applicant regularly practices law.

Bar license number: 500796    Admission date: October 13, 2006

For Court Use Only.
Bar Status Verified:
_____

Attach to this application an original certificate of good standing issued within the past 90 days from the attorney licensing authority in a state in which you are admitted to practice (e.g., State Bar of Texas).

V. Applicant has also been admitted to practice before the following courts:

| Court: | Admission Date: | Active or Inactive: |
|---|---|---|
| US District Court District of MD | September 14, 2009 | Active |
| | | |
| | | |
| | | |

VI. Applicant has never involuntarily lost, temporarily or permanently, the right to practice before any court or tribunal, or resigned in lieu of discipline, except as provided below:

N/A

VII. Applicant has never been subject to grievance proceedings or involuntary removal proceedings—regardless of outcome—while a member of the bar of any state or federal court or tribunal that requires admission to practice, except as provided below:

N/A

VIII. Applicant has not been charged, arrested, or convicted of a criminal offense or offenses, except as provided below (omit minor traffic offenses):

N/A

7

Case 1:25-cr-00503-JSR   Document 9   Filed 11/07/25   Page 8 of 16
Case 3:25-mj-01087-BW   Document 4   Filed 11/05/25   Page 3 of 4   PageID 5
Case 3:25-mj-01087-BW   Document 9   Filed 11/06/25   Page 8 of 16   PageID 19

IX. Applicant has filed for *pro hac vice* admission in the United States District Court for the Northern District of Texas during the past three (3) years in the following matters:

Date of Application:  Case No. And Style:

_____  _____

_____  _____

_____  _____

(If necessary, attach statement of additional applications.)

X. Local counsel of record associated with Applicant in this matter is

_____, who has offices at

_____

(Street Address)

_____  _____  _____
(City)                        (State)     (Zip Code)

_____  _____
(Telephone No.)               (Facsimile No.)

XI. Check the appropriate box below.

For Application in a **Civil Case**

☐ Applicant has read *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D.284 (N.D. Tex. 1988) (en banc), and the local civil rules of this court and will comply with the standards of practice adopted in *Dondi* and with the local civil rules.

For Application in a **Criminal Case**

☑ Applicant has read and will comply with the local criminal rules of this court.

XII. Applicant respectfully requests to be admitted to practice in the United States District Court for the Northern District of Texas for this cause only. Applicant certifies that a true and correct copy of this document has been served upon each attorney of record and the original upon the clerk of court, accompanied by a $100 filing fee, on this the __5__ day of _November_, _2025_.

Ben A. O'Neil
Printed Name of Applicant

_/s/_
Signature

If the applicant files this document through the applicant's electronic-filing account, the applicant's typed name on the signature block constitutes the applicant's signature. If the applicant does not file this document through the applicant's electronic-filing account, the applicant must sign on the signature line.

8

Case 1:25-cr-00503-JSR    Document 9    Filed 11/07/25    Page 9 of 16
Case 3:25-mj-01087-BW    Document 4    Filed 11/05/25    Page 4 of 4    PageID 6
Case 3:25-mj-01087-BW    Document 9    Filed 11/06/25    Page 9 of 16    PageID 20



On behalf of JULIO A. CASTILLO, Clerk of the District of Columbia Court of Appeals, the District of Columbia Bar does hereby certify that

## Benjamin A O'Neil

was duly qualified and admitted on October 13, 2006 as an attorney and counselor entitled to practice before this Court; and is, on the date indicated below, an Active member in good standing of this Bar.

In Testimony Whereof, I have hereunto subscribed my name and affixed the seal of this Court at the City of Washington, D.C., on November 04, 2025.

JULIO A. CASTILLO
Clerk of the Court

Issued By:

David Chu - Director, Membership
District of Columbia Bar Membership

For questions or concerns, please contact the D.C. Bar Membership Office at 202-626-3475 or email memberservices@dcbar.org.

9

```
MIME-Version:1.0
From:ecf_txnd@txnd.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Benjamin A O'Neil (benjamin.o'neil@usdoj.gov,
benoneil@quinnemanuel.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:16701418@txnd.uscourts.gov
Subject:Activity in Case 3:25-mj-01087-BW USA v. Heppner Rule 5(f)(1) Order
```
Content−Type: text/html

**If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: <u>Judges' Copy Requirements.</u> Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. <u>Forms and Instructions</u> found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.**

### U.S. District Court

### Northern District of Texas

**Notice of Electronic Filing**

The following transaction was entered on 11/6/2025 at 8:40 PM CST and filed on 11/5/2025

| | |
|---|---|
| **Case Name:** | USA v. Heppner |
| **Case Number:** | 3:25−mj−01087−BW |
| **Filer:** | |
| **Document Number:** | 5(No document attached) |

**Docket Text:**
 **ELECTRONIC ORDER As to Bradley Heppner: by this order −− issued to the prosecution and defense counsel −− the court confirms the disclosure obligation of the prosecutor under** *Brady v. Maryland***, 373 U.S. 83 (1963), and its progeny, and the possible consequences of violating such order under applicable law.**

**This written order is entered pursuant to Rule 5(f)(1) of the Federal Rules of Criminal Procedure, and is in addition to the oral order entered by the court on the first scheduled court date when both the prosecutor and defense counsel were present. (Ordered by US Magistrate Judge Brian McKay on 11/5/2025) (mcrd)**

**3:25−mj−01087−BW−1 Notice has been electronically mailed to:**

Benjamin A O'Neil      benoneil@quinnemanuel.com, benjamin.o'neil@usdoj.gov

**3:25−mj−01087−BW−1 The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will serve notice of court Orders and Judgments by mail as required by the federal rules. An attorney/pro se litigant is cautioned to carefully follow the federal rules (see FedRCivP 5) with regard to service of any document the attorney/pro se litigant has filed with the court. The clerk's office will not serve paper documents on behalf of an attorney/pro se litigant.**

```
MIME-Version:1.0
From:ecf_txnd@txnd.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Benjamin A O'Neil (benjamin.o'neil@usdoj.gov,
benoneil@quinnemanuel.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:16701423@txnd.uscourts.gov
Subject:Activity in Case 3:25-mj-01087-BW USA v. Heppner Order on Application for
Admission Pro Hac Vice
```
Content−Type: text/html

**If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.**

### U.S. District Court

### Northern District of Texas

**Notice of Electronic Filing**

The following transaction was entered on 11/6/2025 at 8:41 PM CST and filed on 11/5/2025

| | |
|---|---|
| **Case Name:** | USA v. Heppner |
| **Case Number:** | 3:25−mj−01087−BW |
| **Filer:** | |
| **Document Number:** | 6(No document attached) |

**Docket Text:**
 **ORAL ORDER granting [4] Application for Admission Pro Hac Vice of Bradley Heppner. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by US Magistrate Judge Brian McKay on 11/5/2025) (mcrd)**


**3:25−mj−01087−BW−1 Notice has been electronically mailed to:**

Benjamin A O'Neil     benoneil@quinnemanuel.com, benjamin.o'neil@usdoj.gov

**3:25−mj−01087−BW−1 The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will serve notice of court Orders and Judgments by mail as required by the federal rules. An attorney/pro se litigant is cautioned to carefully follow the federal rules (see FedRCivP 5) with regard to service of any document the attorney/pro se litigant has filed with the court. The clerk's office will not serve paper documents on behalf of an attorney/pro se litigant.**

Case 1:25-cr-00503-JSR   Document 9   Filed 11/07/25   Page 12 of 16
Case 3:25-mj-01087-BW   Document 7   Filed 11/05/25   Page 1 of 3   PageID 7
Case 3:25-mj-01087-BW   Document 9   Filed 11/06/25   Page 12 of 16   PageID 23
TXNP- AO 199A (Rev. 12/11) Order Setting Conditions of Release                                    Page 1 of 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   Case No. 3:25-MJ-1087-BW |
| | § |
| BRADLEY HEPPNER | § |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear: <u>at 3:00 p.m. on Monday, November 10, 2025 before U.S. District Judge Jed S. Rakoff at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007</u>, and thereafter as directed.

If blank, defendant will be notified of next appearance.

(5) You are required to execute a personal recognizance bond for **$25,000,000.00** that, **within one week**, is cosigned by three financially responsible persons approved by the U.S. Attorney's Office for the Southern District of New York and secured by the following properties:

- 4409 Lorraine Avenue, Highland Park, Texas 75205
- 5332 Druid Lane, Dallas, Texas 75209
- 1559 N. Terhune Street, Wichita, Kansas 67230
- 130 Kingsway Court, Hesston, Kansas 67062
- 6 Bluegrass Court, Hesston, Kansas 67062, and
- 3 Sunset Drive, Hesston, Kansas 67062.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV - 5 2025
CLERK, U.S. DISTRICT COURT
By_____
Deputy

These properties must be posted **within two weeks** of the entry of this order.

Case 1:25-cr-00503-JSR   Document 9   Filed 11/07/25   Page 13 of 16
Case 3:25-mj-01087-BW   Document 7   Filed 11/05/25   Page 2 of 3   PageID 8
Case 3:25-mj-01087-BW   Document 9   Filed 11/06/25   Page 13 of 16   PageID 24
AO 199A (Rev. 12/11) Order Setting Conditions of Release        Page 2 of 3

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☐ (6) The defendant is placed in the custody of:

Person or organization _____
Address *(only if above is an organization)* _____
City and state _____ Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____
         Custodian                              Date

☒ (7) The defendant must:
  ☒ (a) submit to supervision by and report for supervision to the <u>Supervising Officer</u> telephone number 214/753-2500, <u>no later than 2:00 p.m. on November 6, 2025, and thereafter as directed by the Supervising Officer.</u>
  ☐ (b) continue or actively seek employment.
  ☐ (c) continue or start an education program.
  ☒ (d) surrender any passport to the District Clerk. *or District of Columbia*
  ☒ (e) not obtain a passport or other international travel document.
  ☒ (f) abide by the following restrictions on personal association, residence, or travel: <u>Defendant may not leave the Northern or Eastern Districts of Texas without prior authorization of the Supervising Officer, except that Defendant may travel to the Southern District of New York as required for this case.</u>
  ☐ (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or Prosecution, including:
  ☐ (h) get medical or psychiatric treatment:
  ☐ (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes:
  ☐ (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
  ☒ (k) not possess a firearm, destructive device, or other weapon.
  ☐ (l) not use alcohol ☐ at all ☐ excessively.
  ☐ (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed to defendant by a licensed medical practitioner, or any synthetic and/or natural substance that alters mood and/or cognitive ability, such as CBD and hemp oils/products.
  ☐ (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. The defendant shall contribute to the costs of services rendered (copayment) based on ability to pay, as determined by the pretrial services office.
  ☐ (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer. The defendant shall contribute to the costs of services rendered (copayment) based on ability to pay, as determined by the pretrial services office.
  ☐ (p) submit to location monitoring as directed by the pretrial services office or supervising officer and participate in one of the following location restriction programs and comply with all program requirements as directed. The defendant must pay all or part of the cost of any monitoring program based on ability to pay as determined by the pretrial services or supervising officer.
    ☐ (i) **Curfew.** You are restricted to your residence every day ☐ from _____ to _____, or ☐ as directed by the pretrial services office or supervising officer; or
    ☐ (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
    ☐ (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.
  ☐ (q) **Stand Alone Monitoring (SAM)**: Requires the use of Global Positioning System (GPS) tracking to monitor and enforce any other condition(s) of release (e.g., travel restrictions). _____
    The defendant must pay all or part of the cost of any monitoring program based on ability to pay as determined by the pretrial services or supervising officer.
  ☒ (r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
  ☒ (s) <u>Defendant may not open any new financial account, including any line of credit, without prior approval of the Supervising Officer.</u>

Case 1:25-cr-00503-JSR   Document 9   Filed 11/07/25   Page 14 of 16
Case 3:25-mj-01087-BW   Document 7   Filed 11/05/25   Page 3 of 3   PageID 9
Case 3:25-mj-01087-BW   Document 9   Filed 11/06/25   Page 14 of 16   PageID 25

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                       Page 3 of 3

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

_____
Address, City, and State

### Directions to the United States Marshal

☒  The defendant is ORDERED released after processing.

☐  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: November 5, 2025

_____
Judicial Officer's Signature

BRIAN McKAY, U.S. MAGISTRATE JUDGE
_____
Printed name and title

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

14

Case 1:25-cr-00503-JSR   Document 9   Filed 11/07/25   Page 15 of 16
Case 3:25-mj-01087-BW   Document 8   Filed 11/05/25   Page 1 of 2   PageID 10
Case 3:25-mj-01087-BW   Document 9   Filed 11/06/25   Page 15 of 16   PageID 26

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § Case No. 3:25-mj-01087-BW *SEALED* |
| | § Other Dist. Docket No. 25-CRIM-503 |
| v. | § Charge Pending: |
| | § Southern District of New York |
| BRADLEY HEPPNER | § |

## REPORT OF PROCEEDINGS UNDER RULES 5(c)(3) and 5.1
## AND ORDER ENTERED THEREON

The defendant is charged in the above-referenced district with the offense of Securities Fraud. Having been arrested in this district on a warrant issued on that/those charge(s), he appeared before me for proceedings as follows:

**Rule 5(c)(3)    Transfer**

☐ The government has produced a copy of the warrant, and

☒ The Court finds that the person before the Court is the defendant named in the indictment, information or warrant because:

  ☒ The defendant waived identity hearing.

  ☐ An identity hearing was conducted, and the defendant's identity was established.

☐ The Court finds, based on the evidence presented during an identity hearing, that the person before the Court is **NOT** the defendant named in the indictment, information or warrant.

**Rule 5.1:    Preliminary Hearing**

☒ No preliminary hearing is necessary because the defendant is charged by indictment.

☐ The defendant waived a preliminary hearing.

☐ The defendant elected to have a preliminary hearing in the district where the prosecution is pending.

☐ The defendant elected to have a preliminary hearing in this district, and based on the evidence presented during the hearing, the Court finds that:

  ☐ There is probable cause to believe that the defendant committed the offense(s) charged.

  ☐ There is NOT probable cause to believe that the defendant committed the offense(s) charged.

**Rule 5(d)(3)    Detention Hearing**

☒ No detention hearing is necessary because the government did not move to detain the defendant.

*U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF TEXAS*
**FILED**
NOV 5 2025
CLERK, U.S. DISTRICT COURT
By_____ Deputy

15

Case 1:25-cr-00503-JSR   Document 9   Filed 11/07/25   Page 16 of 16
Case 3:25-mj-01087-BW   Document 8   Filed 11/05/25   Page 2 of 2   PageID 11
Case 3:25-mj-01087-BW   Document 9   Filed 11/06/25   Page 16 of 16   PageID 27

The defendant waived a detention hearing.

☐ The defendant elected to have a detention hearing in the district where the prosecution is pending.

☐ The defendant elected to have a detention hearing in this district, and based on the evidence presented during the hearing, the Court finds that:

  ☐ The defendant should be detained.

  ☐ The defendant should be released on bond.

## ORDER ENTERED ON THE FOREGOING REPORT

TO: UNITED STATES MARSHAL

☐ You are commanded to transfer the above-named defendant forthwith to the district in which he is charged and there deliver him to the United States Marshal for that district or to some other officer authorized to receive him.

 It is ORDERED that this defendant be released from custody on bond pending further proceedings.

☐ It is ORDERED that this defendant be discharged.

DATE: 5th day of November, 2025

_____
United States Magistrate Judge

(Use Other Side for Return)