UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*UNITED STATES v. BRADLEY HEPPNER*,            <u>PRIVILEGE PROTOCOL STIPULATION</u>
25 Cr. 503 (JSR)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WHEREAS, on or about November 4, 2025, the Federal Bureau of Investigation ("FBI") arrested Bradley Heppner, the defendant, and conducted a search of 6700 Turtle Creek Boulevard, Dallas, Texas 75205. During the course of the search, the FBI recovered forty electronic devices as well as hardcopy documents (the "Hardcopy Documents").  Subsequent to that search, the FBI determined that nineteen devices would not be reviewed for responsive materials; the Government then returned those devices to defense counsel on or about November 21, 2025 and on or about December 5, 2025.  The FBI and U.S. Attorney's Office for the Southern District of New York thereafter extracted and attempted to extract data from the remaining twenty-one devices (the "Seized Devices");

WHEREAS, some of the information contained in the Seized Device and the Hardcopy Documents may be subject to a claim of attorney-client privilege or other privileges and legal protections of Bradley Heppner, the defendant, and Beneficient and related entities;

WHEREAS, some of the information Bradley Heppner, the defendant, asserts is subject to attorney-client privilege are artificial intelligence generated data purportedly created at the direction of counsel ("AI-Generated Documents");

WHEREAS, the defendant has requested that the Government screen the majority of the Seized Devices for potentially privileged communications using a set of agreed-upon search terms to identify and segregate potential privileged records (the "Privilege Protocol");

WHEREAS, the defendant wishes to conduct a privilege review of only his personal cellphone, a Samsung Galaxy S23 Ultra identified by FBI number 1B1; his work cellphone, a

Samsung Galaxy S24 Ultra identified by FBI number 1B23; the Hardcopy Documents; and with respect to the AI-Generated Documents, the devices identified as 1B1, 1B2, and 1B16, with the remaining nineteen Seized Devices subject to the Privilege Protocol;

WHEREAS, the defendant agrees to waive all objections, arguments, and motions relating to privileged materials that the prosecution team obtains following the execution of the Privilege Protocol—including but not limited to objections, arguments, and motions that the defendant's rights under the Fifth or Sixth Amendments were violated by the Government's review of such materials, or that members of the prosecution team were tainted by the review of such materials—with the exception that the defendant retains his right to make arguments and motions that a particular piece of information is inadmissible at trial because it is subject to a valid privilege;

WHEREAS, by executing the Privilege Protocol, the Government does not concede that documents segregated pursuant to the Privilege Protocol are in fact privileged and retains the ability to litigate privilege issues relating to such documents;

WHEREAS, the Government also does not concede that AI-Generated Documents, Hardcopy Documents, or records identified by the defense as privileged in the Samsung Galaxy S23 Ultra identified by FBI number 1B1 and the Samsung Galaxy S24 Ultra identified by FBI number 1B23 are, in fact, privileged;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, as follows:

1.    Bradley Heppner, the defendant, will complete the privilege review of his personal cellphone, assigned FBI evidence number 1B1 and his work cellphone assigned FBI evidence number 1B23, by December 31, 2025. The defendant will also complete the privilege review of the Hardcopy Documents by December 19, 2025. This privilege review will be conducted within the same scope of the potentially privileged relationships identified in 3(b) and 3(c), below.

2.    The Government will execute the Privilege Protocol upon all seized devices that can be searched and examined (*i.e.* are not encrypted).

3.    The Privilege Protocol will be executed as follows:

a.    The Government will execute the Privilege Protocol on the Seized Devices with the exception of the devices assigned 1B1 and 1B23 (the "Protocol Devices").

b.    The Government will segregate data on the Protocol Devices that include the following search terms:
   i.    @quinnemanuel.com
   ii.    @fjwright.law
   iii.    @bakerbotts.com
   iv.    @heppriv.com
   v.    @morrisnichols.com
   vi.    aurelia@heppners.com
   vii.    aureliaheppner@yahoo.com
   viii.    aureliabrennan@yahoo.com
   ix.    2146699995 OR 214-669-9995 OR (214) 669-9995 OR 214.669.9995.

c.    In order to identify AI-Generated Documents purportedly created at the direction of counsel, for the Seized Devices assigned FBI evidence numbers 1B2 and 1B16, the Government will segregate and provide to the defendant for his privilege review all documents located in the "documents," "downloads," and/or "desktop" folders.[1]

d.    The Government will segregate documents falling within categories 3(b) and 3(c) from the prosecution team. All other information contained on the Protocol Devices will be released to the prosecution team.

e.    Bradley Heppner will complete the privilege review of the documents described in 3(c), above, by December 19, 2025. Documents included in this category over which no claim of privilege are made would then be released to the prosecution team.

4.    For Hardcopy Documents and AI-Generated Documents over which Bradley Heppner, the defendant, asserts a claim of privilege, the defendant shall produce a privilege log by January 16, 2026. To the extent the defendant identifies as privileged records on the cellphones assigned FBI evidence number 1B1 and 1B23 besides those that are covered by one of the categories described in 3(b) and 3(c) above, the defendant shall produce a privilege log of such materials by the same date.

5.    The defendant waives the right to make any objection, argument, or motion relating to the release to the prosecution team of privileged materials and the prosecution team's and witnesses' use of such materials—including but not limited to objections, arguments, and motions that the defendant's rights under the Fifth or Sixth Amendments were violated by the Government's review of such materials, or that members of the prosecution team were tainted by the review of such materials—with the exception of a motion that a particular document or piece of information is inadmissible at trial as privileged.

---

[1] The Government understands that the data from computer assigned FBI number 1B16 is encrypted and is not currently accessible.

6.      The Government does not concede that materials segregated pursuant to the Privilege Protocol are privileged and reserves its right to litigate whether an applicable privilege properly attaches to those materials. The Government also does not concede that materials identified by the defense as privileged are privileged and reserves its right to litigate whether an applicable privilege properly attaches to those materials. In addition, for search terms involving the marital privilege (terms (3)(a)(vi)-(ix) above), the Government retains the right to desegregate communications that involve Bradley Heppner, the defendant, his wife Aurelia Heppner, and third parties.

7.      Beneficient will provide the Government with a set of identifiers for Beneficient attorneys. The Government will run these identifiers against items deemed responsive to the search warrant that are not identified as potentially privileged through the Privilege Protocol. Beneficient will claw back any such documents by January 23, 2025.[2] The Government and Bradley Heppner, the defendant, shall delete and/or segregate such documents.

---

[2] To the extent documents falling within Beneficient's attorney-client privilege are included in records identified as non-responsive to the Government's search warrant, Beneficient does not waive any right of objecting to or clawing back such records if use is attempted.

SO STIPULATED AND AGREED.

Dated: New York, New York
        December 11, 2025

JAY CLAYTON
United States Attorney

By: _____
    Thomas S. Burnett
    Daniel G. Nessim
    Alexandra Rothman
    Assistant United States Attorneys
    (212) 637-1064 / 2486 / 2580

Dated: _____
        December 11, 2025

BRADLEY HEPPNER

By: _____
    BRADLEY HEPPNER

Dated: _____
        December 11, 2025

By:  /s/ Christopher J. Clore
    _____
    Benjamin O'Neil, Esq.
    Robert Zink, Esq.
    Christopher Clore, Esq.
    Quinn Emanuel Urquhart & Sullivan, LLP
    *Attorneys for Bradley Heppner*