# EXHIBIT B

# STATUTE OF LIMITATIONS
## TOLLING AGREEMENT

The parties to this Statute of Limitations Tolling Agreement are Bradley Heppner and the Office of the United States Attorney for the Southern District of New York (the "Government").

This Agreement has been entered into to provide Heppner with an opportunity to present any information to the Government or to engage in any discussion or further exchange of information with the Government that may appear advisable prior to the conclusion of the grand jury's investigation. Accordingly, the parties agree as follows:

1. With respect to any charges that Heppner violated any law of the United States, including, but not limited to Title 15, United States Code, Sections 78j(b), 78ff, 7202, 7242; Title 18, United States Code, Sections 2, 371, 1343, 1344, 1348, 1349, and 1956; and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.13b2-2, it is hereby agreed that the period beginning on the date of this agreement and running through and including one year from the date of this agreement, shall be tolled and excluded from any calculation of time for the purposes of adjudicating any claim based on: (a) any statute of limitations under the laws of the United States, or (b) any constitutional, statutory or other doctrine concerning pre-indictment delay.

2. Having been advised by his undersigned counsel, Heppner expressly waives his right to raise any defense, including but not limited to, any motion to dismiss relating to pre-indictment delay and any motion or defense relating to the statute of limitations, based, in whole or in part, on the failure of a Grand Jury in the Southern District of New York to return an Indictment in connection with any charges, as referenced in paragraph 1 above, between the date of this agreement and running through and including one year from the date of this agreement.

3. This Agreement shall not be construed as a waiver of any other right or defense that Heppner may have, including assertion of the statute of limitations, if applicable, to periods of time not included in the specific aforesaid tolling period. It is specifically understood that Heppner is not waiving any statute of limitations which has already expired as of the date on which he executes this waiver.

4. This Agreement does not limit or affect the right of the Government to seek a return of any Indictment at any time the Government deems appropriate.

5.      The signature page of this Statute of Limitations Tolling Agreement may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.   Signatures may be fax or by .pdf and such signatures shall be deemed as valid originals.

Dated:  New York, New York
        December 20, 2024

                                        EDWARD Y. KIM
                                        Acting United States Attorney
                                        Southern District of New York

                            By:         */s/ Daniel Nessim*
                                        Daniel G. Nessim
                                        Kimberly J. Ravener
                                        Assistant United States Attorneys
                                        (212) 637-2486/-2358

AGREED AND CONSENTED TO:


_____          _____
Bradley Heppner                         Date



APPROVED:


_____          _____
Michael Liftik, Esq.                    Date
William Burck, Esq.
Christopher Clore, Esq.
Attorneys for Bradley Heppner

3

5. The signature page of this Statute of Limitations Tolling Agreement may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signatures may be fax or by .pdf and such signatures shall be deemed as valid originals.

Dated: New York, New York
December __, 2024

                            DAMIAN WILLIAMS
                            United States Attorney
                            Southern District of New York

By: _____
Daniel G. Nessim
Kimberly J. Ravener
Assistant United States Attorneys
(212) 637-2486/-2358

AGREED AND CONSENTED TO:

_____              12.20.24
Bradley Heppner                            Date

APPROVED:

_____            _____
Michael Liftik, Esq.                            Date
William Burck, Esq.
Christopher Clore, Esq.
Attorneys for Bradley Heppner

3

5. The signature page of this Statute of Limitations Tolling Agreement may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signatures may be fax or by .pdf and such signatures shall be deemed as valid originals.

Dated: New York, New York
December __, 2024

          DAMIAN WILLIAMS
          United States Attorney
          Southern District of New York

By: _____
     Daniel G. Nessim
     Kimberly J. Ravener
     Assistant United States Attorneys
     (212) 637-2486/-2358

AGREED AND CONSENTED TO:

_____      _____
Bradley Heppner      Date


APPROVED:

_____      December 20, 2024
Michael Liftik, Esq.      Date
William Burck, Esq.
Christopher Clore, Esq.
Attorneys for Bradley Heppner

3