C t. Ex 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>BRADLEY HEPPNER,<br><br>          Defendant. |

25 Cr. 503 (JSR)

**THE COURT'S INSTRUCTIONS OF LAW TO THE JURY**

1

## I. GENERAL INSTRUCTIONS

1.    Duty of the Court

2.    Duty of the Jury

3.    Duty of Impartiality

4.    Presumption of Innocence and Burden of Proof

5.    Reasonable Doubt

6.    Direct and Circumstantial Evidence

7.    Witness Credibility

8.    Defendant's Right Not To Testify

## II. THE CHARGES

9.    Summary of the Charges

10.    Count One: Securities Fraud

11.    Count Two: Wire Fraud

12.    Count Three: Conspiracy to Commit Securities Fraud and Wire Fraud

13.    Count Four: False Statements to Auditors

14.    Venue

## III. CONCLUDING INSTRUCTIONS

15.    Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications

with the Court

16.    Verdict; Need for Unanimity; Duty to Consult

## I.    <u>GENERAL INSTRUCTIONS</u>

<u>INSTRUCTION NO. 1</u>

<u>Duty of the Court</u>

We are now approaching the most important part of this case, your deliberations. You have heard all the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. These are the final and binding instructions, which replace the preliminary instruction that I gave you at the outset of the case. It is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them, not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

INSTRUCTION NO. 2

Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will provide you at the start of your deliberations access to all of the exhibits, as well as an index to help you find what you want. If you need to review particular portions of testimony, we can arrange to provide them to you in transcript or read-back form.

Please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence. The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and the stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

Furthermore, you should be careful not to speculate about matters not in evidence. For example, there is no legal requirement that the Government prove its case through a particular witness or particular kind of evidence, or by use of a particular law enforcement technique. Nor should you speculate about why one or another person whose name you may have heard in the evidence is not part of this trial or what his or her situation may be. Your focus should be entirely on assessing the evidence that was presented here for your consideration.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference at the side bar out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that on occasion I asked questions of certain witnesses. My rulings were no more than applications of the law, and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

INSTRUCTION NO. 3

Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded any other party. By the same token, it is entitled to no less consideration. All parties, whether the Government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible punishment is the province of the judge, not the jury, and it should therefore not enter into or influence your deliberations in any way. Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let bias, or prejudice, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So, do not be guided by anything except clear thinking and calm analysis of the evidence.

INSTRUCTION NO. 4

Presumption of Innocence and Burden of Proof

The defendant in this case, Bradley Heppner, is charged with several federal crimes about which I will instruct you shortly. Please bear in mind, however, that these charges, or "counts" as they are called, are not themselves evidence of anything.

The defendant has pleaded not guilty and is presumed innocent. To prevail against the defendant on a given charge, the Government must prove each essential element of that charge beyond a reasonable doubt. If the Government succeeds in meeting this burden, your verdict should be guilty on that charge; if it fails, your verdict must be not guilty on that charge. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, as to each charge, Mr. Heppner starts with a clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the Government has proved that he is guilty of that charge beyond a reasonable doubt.

INSTRUCTION NO. 5

Reasonable Doubt

Since, to convict the defendant of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt?

The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must therefore be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the Government prove guilt beyond all possible or imaginable doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge against him, you must find the defendant not guilty of that charge. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against him, you should not hesitate to find the defendant guilty of that charge.

INSTRUCTION NO. 6

Direct and Circumstantial Evidence

In deciding whether the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today, the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Later, as you were sitting here, someone walked in with a dripping wet umbrella, and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether it is raining. So, you have no direct evidence of that fact. But on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

INSTRUCTION NO. 7

Witness Credibility

It must be clear to you by now that counsel for the Government and counsel for the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision to believe or to not believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright, or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

In this regard, you have heard testimony from two witnesses who admitted to being involved in some of the alleged criminal activity with which Mr. Heppner is charged and testified pursuant to a non-prosecution agreement with the Government. Specifically, Keith Martens and Jeff Hinkle each testified pursuant to a non-prosecution agreement with the Government. The law permits the use of testimony from such witnesses; indeed, such testimony, if found truthful by you, may be sufficient in itself to warrant conviction if it convinces you of the defendant's guilt beyond a reasonable doubt. However, the law requires that the testimony and motives of each such witness be scrutinized with particular care and caution. After carefully scrutinizing the testimony of a witness who is testifying pursuant to a non-prosecution agreement and taking account of the special features of such agreements, you may give the testimony as little or as much weight as you deem appropriate.

You also heard the testimony of a witness, Nicole Boyson, who testified on the basis of her specialized knowledge. You should scrutinize her testimony as you would that of any other witness and give her testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case.

As to every witness, you should also consider whether that witness had an opportunity to observe the facts he or she testified about and whether the witness's recollection of the facts stands up in light of the other evidence in the case. In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

INSTRUCTION NO. 8

Defendant's Right Not To Testify

Mr. Heppner did not testify in this case. Under our Constitution, Mr. Heppner has no obligation to testify or to present any evidence, because it is the Government's burden to prove Mr. Heppner's guilt beyond a reasonable doubt. A defendant is never required to prove that he is innocent.

Accordingly, you must not attach any significance to the fact that Mr. Heppner did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand, and you may not consider it against him in any way in your deliberations in the jury room.

## II.    THE CHARGES

INSTRUCTION NO. 9

Summary of the Charges

With these preliminary instructions in mind, let us turn to the specific charges against the defendant, Bradley Heppner. There are four charges that you will be asked to decide.

These charges were originally set forth in what is called an Indictment, which is simply a charging instrument and is not itself evidence, so it will not be presented to you. For convenience, however, I will refer to each charge, or "count," by its number as it appears in the Indictment.

Count One alleges that Mr. Heppner committed securities fraud.

Count Two alleges that Mr. Heppner committed wire fraud.

Count Three alleges that Mr. Heppner conspired with one or more others to commit securities fraud and wire fraud.

Count Four alleges that Mr. Heppner made false statements to auditors of Beneficient Company Group, L.P. ("Beneficient").

At the outset, let me instruct you that before the defendant can be convicted of any of these charges, the Government must prove every essential element of that charge beyond a reasonable doubt. In your deliberations and in reaching your verdict, you must consider each count separately and determine whether the Government has carried its burden of proof with respect to each element of that particular charge.

INSTRUCTION NO. 10

Count One: Securities Fraud

Let us now turn to Count One, which charges Mr. Heppner with securities fraud.

Before a defendant can be convicted of securities fraud, the Government must prove the following three elements beyond a reasonable doubt: first, that in connection with the purchase or sale of a security, the defendant participated in a scheme to defraud; second, that in so doing the defendant acted knowingly, willfully, and with an intent to defraud; and third, that in carrying out the scheme, the defendant used, or caused others to use, the mails or any means or instruments of interstate communications, such as emails.

I will discuss each of these elements in turn.

With respect to the first element, a scheme to defraud in the context of securities fraud is a scheme to deceive any actual or potential investor by means of one or more false or misleading material statements. A false statement is, obviously, a statement that is untrue. A misleading statement is a statement that is true so far as it goes but that is purposely intended to mislead the recipient of the statement by failing to disclose other relevant and important facts. A material statement is one that a reasonable investor would consider important in deciding what action to take on the basis of the statement.

In Count One, the Government charges that Mr. Heppner engaged in a scheme to defraud GWG Holdings, Inc. ("GWG"), in connection with its investments in Beneficient by making false or misleading statements about the origins of a debt owed by Beneficient, the extent to which Mr. Heppner would personally benefit from repayments on the debt, and the extent to which Mr. Heppner directed entities that controlled the debt.

14

The requirement that a defendant's fraud be "in connection with the purchase or sale" of a security is satisfied if you find that the misconduct had some relation, or "touched upon," a securities transaction. I instruct you that GWG's investments in Beneficient's securities known as Preferred Series A Subclass 1 Units and Common Units were, as a matter of law, securities transactions.

The Government need not prove that the defendant personally made any false or misleading statements. It is sufficient if the defendant caused these false or misleading statements to be made, and that they were material as previously defined. The Government also need not prove that anyone actually relied on any misrepresentation or that the scheme was successful. It also does not matter whether any of the victims involved was careless, gullible, or even negligent. It is enough that the defendant purposely undertook a scheme to deceive investors in connection with the purchase or sale of securities.

With respect to the second element, the Government must prove beyond a reasonable doubt that Mr. Heppner undertook the fraudulent scheme "knowingly," that is, consciously and voluntarily, rather than by mistake or accident or mere inadvertence; "willfully," that is, deliberately and with a wrongful purpose; and with an "intent to defraud," that is, for the purpose of deceiving GWG and its decision makers, including its Special Committee.

With respect to the third element, the Government must prove beyond a reasonable doubt that in carrying out the scheme, the defendant used, or caused others to use, at least one use of the mails or at least one instrumentality of interstate or international commerce, such as a use of the Internet to send an email. It is not necessary that the communication itself contain a fraudulent representation.

INSTRUCTION NO. 11

Count Two: Wire Fraud

Now, let us turn to Count Two. Federal law makes it a crime to use interstate or international communications (such as interstate telephone calls, emails, or text messages) in furtherance of a fraudulent scheme. This is called wire fraud, which is the crime that is charged in Count Two. The essential elements are similar to those of the securities fraud charged in Count One, except that the fraud does not need to be in connection with the purchase or sale of securities but must be undertaken for the purpose of wrongfully obtaining money or property. Specifically, before the defendant can be convicted of the wire fraud charged in Count Two, the Government must prove the following three elements beyond a reasonable doubt:

First, that the defendant participated in a scheme to defraud GWG of money or property by means of false or misleading material statements;

Second, that the defendant did so knowingly, willfully, and with an intent to defraud; and

Third, that in carrying out the scheme to defraud, the defendant used, or caused others to use, at least one use of interstate or international wire communications.

With respect to the first element, the same instructions I gave you as to this element in Count One apply here, except that, as mentioned, the fraud does not have to be in connection with the purchase of Beneficient securities, but has to be for the purpose of obtaining money or property. The scheme charged here is that at some time between 2018 and 2021, Mr. Heppner entered into a scheme to obtain money from GWG and/or prospective investors in Beneficient for his own personal use by means of false or misleading statements.

With respect to the second element, the same instructions I gave you regarding knowledge and intent in Count One apply here as well.

<u>With respect to the third element</u>, the same instructions I gave you with respect to the third element of Count One apply here as well, except that a use of the mails will not satisfy the third element of Count Two, but only a use of interstate or international wire communications, such as an email sent by way of the Internet.

INSTRUCTION NO. 12

Count Three: Conspiracy to Commit Securities Fraud and Wire Fraud

Now, let us turn to Count Three of the Indictment, which charges Mr. Heppner with conspiracy to commit securities fraud and wire fraud. In order for you to find the defendant guilty of the charge of conspiracy, the Government must prove each of the following three elements beyond a reasonable doubt:

First, the existence of the charged conspiracy;

Second, that the defendant knowingly, willfully, and intentionally became a member of the conspiracy, with the intent to commit at least one of the goals or objects of the conspiracy; and

Third, that any one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

I will say a few words about each element.

With respect to the first element, a conspiracy is an agreement, or an understanding, of two or more persons to accomplish by concerted action one or more unlawful purposes, known as the "objects" of the conspiracy. Thus, with respect to the first element of Count Three, you must determine whether the Government has proved beyond a reasonable doubt that there existed a conspiracy that had at least one of the two following objects: (1) the securities fraud charged in Count One and/or (2) the wire fraud charged in Count Two.

But please bear in mind that conspiracy is an entirely distinct and separate offense from the securities fraud and wire fraud that are alleged in Counts One and Two. The actual commission of the object of the conspiracy is not an essential element of the crime of conspiracy. Rather, the Government is required to prove beyond a reasonable doubt only that two or more persons, in some way or manner, explicitly or implicitly, came to an understanding to accomplish the

18

securities fraud charged in Count One and/or the wire fraud charged in Count Two. You need not find that the conspirators conspired to achieve both objects, but you must nonetheless unanimously agree on which specific object or objects the conspirators agreed to accomplish.

In addition, while the Indictment charges that the alleged conspiracy began in 2018 and continued through 2021, it is not essential that the Government prove that the conspiracy started and ended on those specific dates, or that it existed throughout that period. Rather, it is sufficient to satisfy this first element that you find that in fact a conspiracy was formed and that it existed for any time within the charged period.

With respect to the second element, if you conclude that the Government has proved beyond a reasonable doubt that the charged conspiracy existed and had at least one of the two objects as its objective, you must then consider whether the Government has proved beyond a reasonable doubt that Mr. Heppner knowingly, willfully, and intentionally joined and participated in the conspiracy, as I have previously defined those terms.

It is not necessary that Mr. Heppner be fully informed of all the details of the conspiracy in order to justify an inference of participation on his part. Nor does Mr. Heppner need to know the full extent of the conspiracy or all its participants. Indeed, it is not necessary that Mr. Heppner know more than one other member of the conspiracy. Nor is it necessary that Mr. Heppner actually receive any monetary or other benefit from participating in the conspiracy.

Furthermore, the law does not require that Mr. Heppner joined the conspiracy through a written or verbal agreement; a tacit agreement or understanding is sufficient. Nor does the law require that each conspirator have an equal role in the conspiracy. Even a single act may be sufficient to draw Mr. Heppner within the ambit of the conspiracy if it meets the essential requirements I have described.

19

Mr. Heppner also need not have joined the conspiracy at the outset. Mr. Heppner may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined as well as all that was done during the conspiracy's existence while he was a member.

However, I want to caution you that the mere association by one person with another person or group of persons does not make that first person a member of the conspiracy, even when coupled with knowledge that the other person (or group of persons) is taking part in a conspiracy. In other words, knowledge without participation is not sufficient. What is necessary is that Mr. Heppner participated in the conspiracy with knowledge of its unlawful purpose and with intent to aid in the accomplishment of its unlawful object or objects.

With respect to the third element, that at least one of the co-conspirators took at least one overt act in furtherance of the conspiracy, an overt act in furtherance of the conspiracy can be any act taken toward effectuating the conspiracy in any respect. To satisfy the third element of the conspiracy count, you must find beyond a reasonable doubt that at least one such overt act was taken, and you must be unanimous as to any such act that you find was taken in furtherance of the conspiracy.

INSTRUCTION NO. 13

Count Four: False Statements to Auditors

Court Four charges the defendant with intentionally making false statements to Beneficient's auditors when he knew the results would be included in documents that GWG would file with the United States Securities and Exchange Commission (the "SEC"). In order for you to find Mr. Heppner guilty of Count Four, the Government must prove three elements beyond a reasonable doubt:

First, that in or around 2019, Mr. Heppner was an officer and/or a director of Beneficient.

Second, that sometime in 2019, while he was serving as an officer and/or a director of Beneficient, the defendant, directly or indirectly, made, or caused to be made, a materially false or misleading statement to Beneficient's auditors, knowing that the results would be included in audited statements that GWG was required by law to file with the SEC. In that regard, where a public company owns a substantial portion of another company, and that portion exceeds twenty percent of the subsidiary's common equity, the public company is required to file the financial statements of the subsidiary company with the SEC.

Third, that in doing the above, the defendant acted knowingly and willfully, as I have previously defined those terms.

INSTRUCTION NO. 14

Venue

One last requirement. Before the defendant can be convicted of any of the four counts, the Government must also establish, as to the given count you are considering, what is called "venue," that is, that some act in furtherance of that count occurred in the Southern District of New York. As relevant here, the Southern District of New York is the judicial district that includes (among other places) Manhattan, the Bronx, and Westchester. Venue is proven if any act in furtherance of the count you are considering occurred in any of these counties, regardless of whether it was the act of the defendant or anyone else. And for Count Two specifically, the Government must prove venue by showing that in furtherance of the wire fraud scheme alleged in Count Two, there must occur at least one interstate wire, such as an email, transmitted into or out of the Southern District of New York.

Furthermore, on the issue of venue—and on this issue alone—the Government can meet its burden by a simple preponderance of the evidence, that is, by showing that it was more likely than not that an act in furtherance of a given charge occurred in the Southern District of New York.

### III.    CONCLUDING INSTRUCTIONS

INSTRUCTION NO. 15

Selection of Foreperson; Right to See Exhibits and Hear Testimony;
Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law and a verdict form on which to record your verdict. In addition, we will provide you in the jury room access to all of the exhibits that were admitted into evidence, together with an index to help you find specific exhibits. If you want any of the testimony provided, that can also be done, in either transcript or read-back form. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

INSTRUCTION NO. 16

Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form. As I have already explained, the Government, to prevail on a particular charge against the defendant, must prove each essential element of that charge beyond a reasonable doubt. If the Government carries this burden, you should find the defendant guilty of that charge. Otherwise, you must find the defendant not guilty of that charge.

Each of you must decide the case for yourself, after considering, with your fellow jurors, the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, you should exchange views with your fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others', you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change an earlier opinion of yours that, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and must also be unanimous.

This completes my instructions of law.